■ In the Matter of the Claim of HENRY J. JUDERMANNS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed June 11, 1973, which adopted and affirmed a Referee's decision sustaining the respondent's initial determination that the claimant was disqualified from receiving unemployment insurance benefits upon the ground that he voluntarily left his employment without good cause. The claimant was a hotel manager and, as such, was responsible for determining the work schedules of subordinate employees. The record discloses that, in regard to holidays, it would cost the employer additional moneys for the wages of such employees as worked on holidays. As found by the board, the claimant submitted a work schedule to the employer for the July 4 holiday of 1972 which provided for seven employees (apparently the same schedule as utilized for the preceding Memorial Day); the employer advised the claimant that it wanted only six employees on that day; the claimant did not want to be put in the position of performing duties as a subordinate employee on the holiday and, accordingly, he told his employer that he thought it was necessary to have seven employees; and the employer thereupon terminated the claimant. Although there was some issue of fact as to whether the claimant quit or was fired, the board found that "claimant was terminated by the employer when he argued with the employer concerning the amount of service employees he would require for the holiday schedule." The board went on to find that the claimant, when he argued with the employer, "knew or should have known [it] would cause the employer to terminate his employment." The issue here is whether or not the record contains substantial evidence that the claimant willfully provoked his discharge, the termination thus being tantamount to quitting. (See *Matter of Raven [Levine]*, 40 A D 2d 128, 130.) The record does not disclose any extended argument by the claimant with the employer and, as found by the board, the argument ended when the employer "told him that he would replace him with someone else". The record does not disclose that the claimant was given any warning that his insistence or continuing to argue would result in being terminated or that he was given the option of either scheduling six employees or being terminated. It would be most unusual if management personnel did not attempt to defend their management decisions and the record does not disclose any facts which would reasonably infer that the claimant should have expected the mere fact of pressing his point to result in his termination. While, of course, an employer

is generally free to terminate employment upon any grounds that he sees fit, the claimant, under the present circumstances, could only be denied benefits if he knowingly caused his discharge (*Matter of Raven [Levine], supra*). The record does not sustain a finding that the claimant engaged in such conduct or deliberate acts as would, under ordinary circumstances, be expected by the claimant to result in a dismissal. The claimant's supervisor, with whom he had the argument, did not testify and, accordingly, there is no evidence of insulting behavior. There is no evidence that claimant knew or reasonably should have known that continuing to press his point would result in his discharge. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Main, JJ., concur.